# UNITED STATES DISTRICT COURT

### for the

### Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   1:25-cr-00708 |
| TRENT SCHNEIDER | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5) (B) for which a maximum term of imprisonment of 10 years or more is prescribed; *or*
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; *or*
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); *or*
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; *or*
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐   **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:
There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; *or*

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐   **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
    **OR**
    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☑ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☑ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Mr. Schneider is charged with a serious and violent offense: making a true threat to injure another person. Although defendant contends that only his speech and no overt act have been alleged, such threats have been viewed as crimes of violence by courts in the past. Mr. Schneider's alleged statements that President Trump as well as local judges, doctors, lawyers, and police should be killed or executed are undeniably serious and have the potential to terrorize community members. The social media posts were sufficiently disturbing that at least one member of the public reported them to law enforcement after seeing them online. As to the weight of the evidence, although often strong at this stage, Mr. Schneider recorded himself making the alleged threats and posted the video to his social media account, making approximately 18 separate postings within a five-day period. While the nature of the crime and the weight of the evidence are not the most significant of the 3142(g) factors, and they often support the government's version at this early stage of a case, the Court notes the evidence against Mr. Schneider is strong at this stage. The Court viewed the video at the detention hearing and it shows an angry man making very disturbing threats of violence. Thus, the first two 3142(g) factors – the nature and circumstances of the charged offense and the weight of the evidence – weigh in favor of the government.

Ultimately, as is often true on the issue of detention or release, the Court's decision comes down to Mr. Schneider's history and personal characteristics. 18 U.S.C. 3142(g)(3). Mr. Schneider's reported behavior during his Pretrial Services interview and as observed by the Court during court hearings related to this charge evidence that he is an angry, volatile, and unstable person. Defendant made various statements in court hearings suggesting his delusional beliefs and a lack of understanding of or respect for court procedures, including that this Judge's career would be over if he did not dismiss the pending charges immediately, and that defendant is "the boss." Defendant also asked to be to be detained in the Trump Hotel and requested that the Court give him popcorn. While the Court does not know if any of these comments were intended to be taken seriously, such statements indicate, at a minimum, a lack of respect for court proceedings as well as a lack of appreciation of the possible consequences of making such comments in court.

Mental health is also part of the Court's consideration of defendant's personal characteristics. Mr. Schneider reported to Pretrial Services that he was at an inpatient mental health facility in Elgin for seven months in 2023 after being found unfit to stand trial in Lake County, but he denied needing medication and told Pretrial Services that he believed the doctors were fraudulent. Mr. Schneider's father told Pretrial Services that defendant is volatile and aggressive toward him, and that Mr. Schneider's behavior is taxing to his father's health and his marriage. The government proffered that upon release from the Elgin mental health facility in January 2024, Mr. Schneider's doctors reported that he remained delusional and continued to exhibit anger towards authority figures. The Court witnessed articulation of that anger in the video played during the hearing of the alleged threats posted to defendant's social media account, as well as from defendant's outbursts during court proceedings.

In addition, the alleged threats made in this case are not isolated examples of dangerous conduct by Mr. Schneider. Defendant previously engaged in conduct that was dangerous to other people. He was convicted in 2024 of resisting a peace

See attached Addendum for additional pages.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____11/10/2025_____

United States Magistrate Judge Jeffrey T. Gilbert

Page 3 of 3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

TRENT SCHNEIDER,

                Defendant.

No. 1:25-cr-00708

Magistrate Judge Jeffrey T. Gilbert

### ADDENDUM TO ORDER OF DETENTION PENDING TRIAL

*(Continued from Part III of Order of Detention Pending Trial)*

officer, related to an incident in 2022 when, during a vehicle pursuit that preceded defendant's arrest for threatening to shoot up a T-Mobile store, defendant drove his vehicle directly toward an officer. The government also proffered examples of violent social media video posts made in 2022 in which Mr. Schneider referred to himself applying the "chainsaw treatment" to unidentified persons while using a chainsaw to slice in half corn stalks "wearing" a hat. In the alleged threats at issue in this case, Mr. Schneider appears to threaten to kill President Trump as well as local judges, doctors, lawyers, and police using guns defendant says he would be able to obtain. The arresting officer reported Mr. Schnieder reiterated, while under arrest, that he could obtain guns anytime. Mr. Schneider's father has a FOID card. While the Court has no reason to doubt that Mr. Schneider's father does not intend to and would not aid defendant in any crime or act of violence, Mr. Schneider appears to be in regular contact with his father and apparently visits his home. In the Court's view, in light of all the above, the government has met its burden to show by clear and convincing evidence that defendant poses a risk of danger to community.

       While the Court understands the government's primary argument centers on the risk of danger to the community, it briefly addresses the argument that there is a risk of defendant's non-appearance. In the Court's view, the government has not met its burden to show by a preponderance of the evidence that there is a risk that Mr. Schneider will not appear in these court proceedings if he is released. Mr. Schneider is a life-long resident of the area without any demonstrated ties elsewhere. Although these are the first federal charges defendant has faced, the five-year potential maximum sentence here does not necessarily present a strong incentive for defendant, at age 57, to flee. In addition, the government acknowledged that although

1

defendant has some history of bond forfeitures and petitions to revoke, those instances are quite dated. In January 2025, Mr. Schneider successfully completed a nine-month conditional discharge following his aforementioned conviction for resisting a peace officer.

Mr. Schneider, by counsel, argues there are conditions that can be imposed that will protect the community, but suggests only relatively minimal conditions, including release to his home where defendant would reside alone, along with standard agreements to follow the law, not possess any firearms or dangerous weapons, and not use controlled substances. As an initial matter, the Court does not agree with the government that the pending foreclosure status of defendant's home is necessarily a bar to releasing defendant to live at his home. In the Court's view, the future uncertainty as to the status of Mr. Schneider's ability to reside in his home could be adequately addressed with periodic status reports from the foreclosure docket or by the government intervening in the foreclosure action to obtain prompt notice of any changes in the status of those proceedings. It could be quite a long time before Mr. Schneider is evicted from his home. Nevertheless, in the Court's view, releasing defendant to live alone raises serious concerns for someone with his background. Mr. Schneider's father reported to Pretrial Services that he believes Mr. Schnieder requires counseling in order to live independently and his father was unwilling to have defendant reside with him. That Mr. Schneider's father, who knows Mr. Schneider much better than the Court, is not prepared to take him in also causes the Court to question whether releasing defendant to live alone at his home reasonably will mitigate the risks of danger to the community presented. There were no other potential third-party custodians presented to the Court. The Court does not believe that releasing Mr. Schneider essentially on his own recognizance will reasonably mitigate the risks identified above. The Court does not have a sufficient level of confidence that Mr. Schneider would obey the rules, particularly when unsupervised. As the Court observed at the hearing, it can envision additional, more stringent conditions that theoretically could reasonably assure the safety of the community and community members, including home incarceration with a third-party custodian able to monitor Mr. Schneider, potentially prohibitions on access to the internet, mental health evaluation and, if necessary, counseling, treatment, and medication as might be appropriate, but no such conditions were presented to the Court for consideration.

For all these reasons, the Court agrees with the recommendation of Pretrial Services that there are no conditions that can be imposed at this time that would reasonably mitigate the risks of danger to the community. Therefore, the Court finds

the government has met its burden and orders that Mr. Schneider should remain in custody pending trial.